## In re EVANS.

[Cite as *In re Evans* (1999), 131 Ohio App.3d 787.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–511.

Decided Feb. 4, 1999.

*Ohio Legal Rights Service* and *Joseph H. Brockwell,* for appellant.

*Evans, St. Clair & Bainter, LLP,* and *Gregory S. Dupont,* for appellee Franklin County Alcohol, Drug Addiction, and Mental Health Services Board.

McCormac, Judge.

■ This is the appeal of an order of civil commitment of Bryan Evans under R.C. 5122.15. Evans was committed to the Franklin County Alcohol, Drug Addiction, and Mental Health Services Board ("Board") by the Franklin County Probate Court by order dated April 1, 1998. Appellant's appeal is presented by Ohio Legal Rights Services and opposed by the Board. Although the attorneys for both sides concede that the issues are moot in regard to the order committing Evans, they also assert that the case presents issues concerning the interpretation of R.C. 5122.15 that will ordinarily evade appellate determination. Having been convinced that appellate resolution is difficult, if not impossible, in the ordinary course of events, we have decided to exercise jurisdiction over the appeal to the extent indicated hereafter.

An affidavit of mental illness was filed against Bryan Evans in the Franklin County Probate Court on March 24, 1998. A hearing was scheduled for March 27, 1998. Evans appeared at the hearing and requested a continuance in order to retain counsel. A magistrate of the court granted a continuance until April 1, 1998, with a notation that there would be no further continuances.

Evans appeared at the hearing on April 1, 1998, with retained counsel. He moved for dismissal of the affidavit of mental illness on the grounds that the court lacked jurisdiction to proceed for two reasons: (1) the affidavit did not contain sufficient allegations of specific facts to state probable cause to believe that he was a mentally ill person subject to hospitalization by court order, and (2) he was a voluntary patient not requesting relief and thus the statutory criterion under R.C. 5122.03 for probating a voluntary patient was not met. The magistrate overruled the motion.

Evans also moved for a continuance in order to obtain an independent expert evaluation to which he claimed he was entitled under R.C. 5122.15(A)(4). The magistrate also overruled this motion.

The Board called one witness, Dr. John Randall, who had been appointed by the court to examine Evans. Evans called no witnesses.

The probate court adjudicated Evans to be a mentally ill person subject to hospitalization by court order as defined by R.C. 5122.01(B)(2), (3), and (4) and committed him to the Board for a period not to exceed ninety days with placement at a state hospital.

Appellant asserts the following assignments of error:

"Assignment of Error Number One

"The trial court lacked jurisdiction over the respondent because the affidavit of mental illness did not contain specific factual allegations sufficient to establish

probable cause to believe that respondent was a mentally ill person subject to hospitalization by court order.

"Assignment of Error Number Two

"The trial court lacked jurisdiction over the respondent because the respondent was a voluntary patient and there was no outstanding request for release.

"Assignment of Error Number Three

"The trial court erred to the prejudice of the respondent when it denied him a continuance to obtain an independent expert evaluation.

"Assignment of Error Number Four

"The evidence adduced in this matter to establish that respondent was a mentally ill person subject to hospitalization by court order was insufficient as a matter of law to support the trial court's judgment."

■ Appellant was a voluntary patient at Doctor's Hospital West in Franklin County. On March 17, 1998, he submitted a request to be released from the hospital. On March 18, 1998, he withdrew his request for release. Six days later, on March 24, 1998, his treating physician filed an affidavit of mental illness concerning appellant in the Franklin County Probate Court.

Appellant contends that the trial court lacked jurisdiction over appellant because he was a voluntary patient and there was no outstanding request for release. R.C. 5122.03 governs the legal relationship between a psychiatric hospital and a voluntary patient. The statute provides that "judicial proceedings for hospitalization shall not be commenced with respect to a voluntary patient except pursuant to this section." R.C. 5122.03(B). If a voluntary patient requests a release, the chief clinical officer of the hospital could, within three court days from the receipt of the request for release, file or cause to be filed with the court of the county where the patient is hospitalized or of the county where the patient is a resident, an affidavit that would postpone release and trigger a hearing to determine whether the patient is a mentally ill person subject to involuntary hospitalization. In this case, appellant's request for release was cancelled one day after it was made, and it was not until six days thereafter that the affidavit was filed.

The affidavit did not invoke the jurisdiction of the Franklin County Probate Court because Evans was a voluntary patient not seeking his release at the time the affidavit was filed. Thus, the requirements of R.C. 5122.03 were not met.

Appellee relies upon In re Newman (Mar. 26, 1987), Franklin P.C. No. M–5979, unreported, where, in dicta, the court stated that extraordinary circumstances such as a continued pattern of requested discharges or medication refusals may be grounds to terminate the voluntary status. In this case, there is no evidence

of a continued pattern of requests for discharge, only one request which was withdrawn a day later and six days before the affidavit was filed. R.C. 5122.03(B) states that judicial proceedings for hospitalization shall not be commenced with respect to a voluntary patient except pursuant to that section. R.C. 5122.03(B) contains no provision that would allow appellant to be converted to involuntary commitment even if he were habitually refusing medication, a situation that could occur in either a voluntary or involuntary confinement.

Appellant's second assignment of error is sustained.

The Franklin County Probate Court had no jurisdiction. The affidavit for involuntary commitment that was filed with respect to appellant, who was a voluntary patient at the time it was filed, did not comply with the requirements of R.C. 5122.03.

The remainder of the assignments of error are moot as they generally relate to facts specific to this case. Therefore, we decline to address those assignments of error.

Appellant's second assignment of error is sustained. The probate court had no subject matter jurisdiction over the involuntary commitment. The case is remanded to the probate court to delete the order of involuntary commitment.

*Judgment reversed*
*and cause remanded.*

BOWMAN and DESHLER, JJ., concur.

JOHN W. McCORMAC, J., retired, of the Tenth Appellate District, sitting by assignment.